IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                  No. CR S-05-382 GEB DAD P

    vs.

ISRAEL LARA VENTURA,         <u>ORDER AND</u>

    Movant.                   <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Movant has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. Therein, movant claims that he received ineffective assistance from his trial counsel. Respondent has filed a response to the motion requesting that the court grant movant's motion, re-enter judgment without a hearing, and allow movant to proceed on appeal.

        For the reasons set forth below, the court will recommend that movant's motion be granted.

**PROCEDURAL HISTORY**

        On August 17, 2005, a criminal complaint was filed in this court alleging that movant knowingly and intentionally distributed fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 1.) Movant's initial appearance before the court

1

took place on August 18, 2005, and the Office of the Federal Defender was appointed to represent him at that time. (Doc. No. 4.) On September 15, 2005, a federal grand jury for the Eastern District of California indicted movant on two counts of distributing methamphetamine and one count of possession of methamphetamine with the intent to distribute, all in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 10.) On September 16, 2005, movant was arraigned on the indictment. (Doc. No. 12.) On December 8, 2005, at movant's request his appointed counsel was relieved and retained counsel was permitted to substitute in to represent movant. (Doc. No. 18.)

On May 19, 2006, the parties filed a plea agreement for the district court's consideration. (Doc. No. 26.) That same day and pursuant to the plea agreement, movant withdrew his previously entered plea of not guilty and entered a new plea of guilty to one count of possession of methamphetamine with the intent to distribute. (Doc. No. 26.) Under the terms of the plea agreement movant specifically waived his right appeal or collaterally attack his judgment of conviction. (Id.) On November 17, 2006, in keeping with the terms of the plea agreement, movant was sentenced to the custody of the U.S. Bureau of Prisons for the mandatory minimum term of 120-months for his conviction on count three of the indictment charging him with possession with the intent to distribute at least fifty grams (actual) of methamphetamine and the government moved to dismiss the remaining two counts in which movant was charged with distributing methamphetamine. (Doc. No. 35.)

On September 18, 2007, movant filed this § 2255 motion with this court on his own behalf seeking to vacate, set aside, or correct his sentence on his own behalf. (Doc. No. 37 (hereinafter "Motion").) On November 28, 2007, respondent filed a response requesting that the court grant movant's motion, re-enter judgment without a hearing, and allow movant to proceed on appeal. (Doc. No. 52 (hereinafter "Response").) On July 15, 2010, the undersigned appointed counsel to represent movant in these § 2255 proceedings and directed newly-appointed counsel to determine whether movant wished to proceed with this action in light of the response filed by

respondent and to report movant's intention to the court.  (Doc. No. 56.)[1]  On October 6, 2010, movant's appointed counsel John Balazs filed a statement with the court indicating that counsel had discussed the government's response with movant and that movant wished to proceed with this action.  (Doc. No. 60.)

### MOVANT'S CLAIM

Movant alleges that he received ineffective assistance from his retained trial counsel.  In this regard, movant asserts that his retained trial counsel failed to file an appeal from his judgment and sentencing despite movant's request that his counsel do so.  (Motion at 4-8.)[2]  Movant asserts that he specifically requested that his trial counsel file an appeal raising issues related to movant's failure to receive a three-level downward adjustment in his offense level based on his acceptance of responsibility and because movant believed he complied with "all the requirements of [the] safety valve."[3]  (Movant's Decl. (Doc. No. 40.) at 2.)  Movant claims that his retained trial counsel assured movant that he would file a notice of appeal but never did.  (Id.)

### LEGAL STANDARD

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 filed in the court which imposed sentence.  Tripati v. Henman, 843

---

[1] Although the court's order could be construed as a directing a limited purpose appointment, attorney Balazs was appointed to represent movant for all purposes in these § 2255 proceedings.  (Doc. No. 59.)  That is consistent with the undersigned's intention.  On September 17, 2007, movant had filed a motion for the appointment of counsel.  (Doc. No. 38.)  Movant also requested the appointment of counsel on appeal in his October 6, 2010 response to this court's July 16, 2010 order.  (Doc. No. 60.)  Given the recommendation set forth below that the § 2255 motion be granted it appears that the appointment of counsel on appeal is appropriate.  The appointment of attorney John Balazs will therefore be extended to include movant's appeal.

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] The so-called "safety valve" provision contained in § 5C1.2 of the United States Sentencing Guidelines provides for a reduction in sentence if the court finds the defendant meets certain criteria related to the circumstances of the crime, criminal history, and level of cooperation with the government.

3

F.2d 1160, 1162 (9th Cir. 1988).  Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution of laws of the United States.  United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).

In reviewing a motion brought pursuant to § 2255, a federal court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S. C. § 2255.  See also United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003).  However, to be entitled to an evidentiary hearing the movant must provide specific factual allegations which, if true, state a claim on which relief under § 2255 could be granted.  United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).

**ANALYSIS**

A plea agreement is a contract and subject to contract law standards.  United States v. Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001).  "'A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made.'" United States v. Watson, 582 F.3d 974, 986 (9th Cir. 2009) (quoting United States v. Joyce, 357 F.3d 921, 922 (9th Cir. 2004).  The Ninth Circuit regularly enforces knowing and voluntary waivers in criminal cases where the waivers are part of negotiated guilty pleas.  United States v. Bibler, 495 F.3d 621, 623-23 (9th Cir. 2007); United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000).

However, even if a defendant has waived his right to appeal, if the defendant explicitly directs his lawyer to pursue an appeal and his lawyer refuses, the lawyer has acted in a manner that is professionally unreasonable, and the defendant has suffered prejudice in the form of the lost opportunity to pursue an appeal.  United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005).  When a movant claims that his attorney refused to file a Notice of Appeal, despite a specific request to do so, the court must hold an evidentiary hearing to determine whether the movant, in fact, instructed counsel to pursue an appeal and whether the attorney

4

nonetheless refused to file a Notice of Appeal. 409 F.3d at 1198. See also United States v. Gaither, 245 F.3d 1064, 1068 (9th Cir. 2001); Gordon v. United States, Nos. CV 08-0494 AWI, CR 06-0059 AWI, 2008 WL 4966497, at *3 (E.D. Cal. Nov. 20, 2008). Alternatively, the government may choose not to oppose the § 2255 motion and to allow the movant pursue an appeal. Sandoval-Lopez, 409 F.3d at 1198. If the government elects to proceed in this latter fashion, the court may vacate and re-enter the judgment without a hearing and allow the appeal to proceed thereby assuming, without deciding, that movant's claim regarding his counsel's refusal to file the notice of appeal is true. Id.

Here the government has chosen this latter course of action by not opposing movant's § 2255 motion. (Response at 3.) The government observes that in prevailing on his § 2255 motion now before this court, movant will simply gain the ability to appeal his sentence, an appeal "in which he has little chance of success." (Id.) Moreover, the government argues that by proceeding with such an appeal movant will have breached the terms of the plea agreement, thereby freeing the government to prosecute him on the two distribution counts of the indictment that were dismissed at the time of his sentencing. (Id.) Respondent notes that under similar circumstances the Ninth Circuit's has analogized a movant's decision to pursue § 2255 relief to that of a poker player who "has the right to hold the ten and queen of hearts, discard three aces, and pray that when he draws three cards, he gets a royal flush." (Id.) (quoting Sandoval-Lopez, 409 F.3d at 1199.)

Given the risky nature of the course of action undertaken by movant, the undersigned appointed counsel to ensure that movant understood the consequences of his election in this regard, the potential risk posed thereby and the likely outcome of these proceedings. Movant has now consulted with experienced counsel regarding the government's response to his motion and his case in general. Movant has confirmed that he wishes to proceed with his § 2255 motion. (Doc. No. 60.) Movant has reiterated his request that the court grant his § 2255 motion, vacate and re-enter the judgment without a hearing and allow his appeal from his

sentencing to proceed. (Id.) The government does not oppose the motion and joins in the request that the court vacate and re-enter the judgment without a hearing and allow movant to proceed with an appeal of his sentencing. (Response at 3.) Accordingly, the undersigned will recommend that the § 2255 motion be granted.

## MOTION TO PROCEED IN FORMA PAUPERIS

On September 17, 2007, movant filed an application to proceed in forma pauperis in this § 2255 proceeding. (Doc. No. 39.) Unlike a petition for a writ of habeas corpus, a motion under § 2255 is filed as part of the underlying criminal prosecution. See 28 U.S.C. § 2255. As a result, a § 2255 motion requires no prepaid fees or security in order to proceed. Ball v. United States, Nos. 09-CV-00200-H, 05-CR-00667-H, 2009 WL 2575985, at *4 (S.D. Cal. Aug. 18, 2009).

While movant will undoubtedly seek to proceed in forma pauperis on appeal, he has yet to file a notice of appeal in this action. Movant's application to proceed in forma pauperis will therefore be denied as premature.

## MOTION FOR COPIES OF TRANSCRIPTS

On September 17, 2007, movant also filed a motion seeking copies of reporter's transcripts of "all legal proceedings" in this matter at the government's expense. (Doc. No. 41.) Title 28 U.S.C. § 753(f) provides that:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

As indicated above, the undersigned will recommend that movant's § 2255 motion be granted. Copies of the reporter's transcripts of the underlying proceedings are not

needed to decide the issue presented in this § 2255 motion.  Moreover, counsel has now been appointed to represent movant, alleviating movant's own need for transcripts.  Movant's motion for copies of transcripts will therefore be denied without prejudice.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Movant's September 17, 2007 motion for the appointment of counsel (Doc. No. 38) is granted;

2. The appointment of attorney John Balazs is extended to include movant's appeal;

3. Movant's September 17, 2007, application to proceed in forma pauperis (Doc. No. 39) is denied as premature; and

4. Movant's September 17, 2007, motion for copies of transcripts at the government's expense (Doc. No. 41.) is denied.

For the reasons set forth above,  IT IS HEREBY RECOMMENDED that:

1. Movant's September 18, 2007 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 37) be granted;

2. That the judgment previously entered on November 17, 2006, be vacated;

3. That the Clerk of the Court re-enter judgement as of the date of filing any order adopting these findings and recommendations;

4. That the Clerk of the Court electronically serve any order adopting these findings and recommendations on attorney John Balazs; and

5. That attorney Balazs be advised to complete and file a notice of appeal on movant's behalf , should movant continue to desire to appeal, within ten days of the re-entry of judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 18, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
ventura382.2255

8